UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLAS STERLING LITTLE,

                    Petitioner,

      v.

JASON BENNETT,

                  Respondent.

CASE NO. 2:24-cv-01244-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: September 3, 2024

The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Nicholas Sterling Little proceeding *pro se*, has filed a motion to proceed *in forma pauperis* ("IFP") (Dkt. 1), a proposed § 2254 habeas petition (Dkt. 1-1), and other proposed motions and requests (Dkts. 1-3, 1-4, 1-5).

Upon review of his proposed petition, it plainly appears Petitioner is not entitled to habeas relief in this Court as the instant petition is second or successive. Accordingly, the undersigned declines to order service upon Respondent pursuant to Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), recommends the proposed petition (Dkt. 1-1) be

1    dismissed without prejudice for lack of jurisdiction, and further recommends the IFP motion

2    (Dkt. 1) and all proposed motions and requests be denied as moot.

3    **I.    Background**

4        Petitioner is currently in custody at Stafford Creek Corrections Center, where he is

5    serving a sentence of confinement arising out of his state court conviction for six counts of first-

6    degree child molestation entered in *State of Washington v. Nicholas Sterling Little*, Superior

7    Court of King County Cause No. 13-1-09584-6. As his sole ground for relief, Petitioner argues

8    the imposition and execution of his sentence under a Washington State sentencing statute violate

9    the Sixth Amendment to the United States Constitution. *See* Dkt. 1-1 at 6; Dkt. 1-2.

10        In July 2020, Petitioner filed a separate federal habeas petition in *Little v. Haynes,* No.

11    2:20-cv-01071-TSZ (W.D. Wash.), challenging the same state court conviction (hereinafter "first

12    petition"). Petitioner raised five grounds for federal habeas relief in his first petition. *Id.* at Dkt.

13    6. This Court denied habeas relief on all five grounds: two grounds were deemed unexhausted

14    and dismissed without prejudice and the remaining three grounds were denied on the merits and

15    dismissed with prejudice. *Id.* at Dkts. 59, 86, 87 (judgment entered July 22, 2021). Petitioner

16    filed several notices of appeal to the Ninth Circuit regarding the denial of his first petition. *Id.* at

17    Dkts. 62, 85, 95, 105. Ultimately, the Ninth Circuit denied a certificate of appealability, and the

18    United States Supreme Court denied Petitioner's subsequent petition for a writ of certiorari in

19    January 2023. *Id.* at Dkts. 106, 109.

20        Over a year later, Petitioner filed the instant action. The Court now screens his proposed

21    petition (Dkt. 1-1) to determine whether ordering service upon Respondent is appropriate under

22    Rule 4 of the Habeas Rules.

23

24

1

## II.    Legal Standard

2          Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review

3   of habeas petitions. The Rule specifically directs the Court to dismiss a habeas petition before the

4   respondent is ordered to file a response, if it "plainly appears from the petition and any attached

5   exhibits that the petitioner is not entitled to relief in the district court."

6          "Rule 4 dismissal is required on procedural grounds, such as failure to exhaust or

7   untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably'

8   incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, --- F.4th ---, 2024 WL 3838427,

9   at *1 (9th Cir. Aug. 16, 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).

10         A petition must also comply with the other Habeas Rules. Under Rule 2(a) of the Habeas

11  Rules, "the petition must name as respondent the state officer who has custody." Further, the

12  petition must:

13         (1) specify all the grounds for relief available to the petitioner; (2) state the facts
           supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or
14         legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or
           person authorized to sign it for the petitioner under 28 U.S.C. § 2242.
15
*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district
16
court or the form attached to the Habeas Rules. *Id.* at Rule 2(d). Finally, Rule 9 of the Habeas
17
Rules provides:
18
           Before presenting a second or successive petition, the petitioner must obtain an
19         order from the appropriate court of appeals authorizing the district court to consider
           the petition as required by 28 U.S.C. § 2244(b)(3) and (4).
20
Failure to obtain circuit court approval deprives the district court of jurisdiction over a
21
successive petition and necessitates dismissal. *See Magwood v. Paterson*, 561 U.S. 320,
22
331 (2010).
23

24

1

III.    **Discussion**

2

  A.    **28 U.S.C. § 2254 is Petitioner's exclusive avenue for obtaining federal habeas relief.**

3

4

  The proposed petition indicates Petitioner is filing a § 2241 petition, but he is currently

5

confined pursuant to a state court judgment of conviction entered in *State of Washington v.*

6

*Nicholas Sterling Little*, Superior Court of King County Cause No. 13-1-09584-6. Dkt. 1-1 at 1–

7

2. As such, the proposed petition is construed as one filed under 28 U.S.C. § 2254, which is the

8

only available mechanism for challenging Petitioner's current confinement. *See Dominguez v.*

9

*Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section 2254] 'is the exclusive vehicle for a

10

habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the

11

petitioner is not challenging his underlying state court conviction.'") (quoting *White v. Lambert*,

12

370 F.3d 1002, 1009–10 (9th Cir. 2004)).

13

  B.    **The Court lacks jurisdiction over this action because Petitioner did not obtain leave from the Circuit Court before filing his successive proposed petition.**

14

15

  The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a

16

gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one

17

of the exceptions outlined in 28 U.S.C. § 2244(b)(2).

18

  "The bar of successive petitions applies only to petitions adjudicated and denied on the

19

merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30

20

(9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition

21

is 'on the merits' if the district court either considers and rejects the claims or determines that the

22

underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028,

23

1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). If a prior

24

petition was a "mixed petition" raising both exhausted and unexhausted claims, the dismissal of any claim with prejudice will trigger the bar of successive petitions. *Burton v. Stewart*, 549 U.S. 147, 154 (2007).

"A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in the prior petition. *Id.* at 1029; *see also* 28 U.S.C. § 2244 (claims are successive and barred unless the petitioner shows the claim "relies on a new rule of constitutional law" or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.").

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Habeas Rules; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In the absence of an such an order authorizing review, a district court lacks jurisdiction to consider a second or successive petition. *See Magwood*, 561 U.S. at 331; *Burton*, 549 U.S. at 157. Stated another way, this Court is unable to review habeas claims that could have been brought in a prior petition, unless the petitioner first obtains permission from the Ninth Circuit to file a successive petition.

Accordingly, in determining whether it can consider a potentially successive petition, the Court asks three questions: (1) was the prior petition adjudicated on the merits? (2) could the habeas claims raised in the new petition be raised in the prior petition? and (3) did the petitioner obtain permission to file the new petition? If the first and second questions are answered in the affirmative, the answer to the final question must also be "yes." Otherwise, the Court lacks jurisdiction, and the successive petition must be dismissed.

Here, the answer to the first question is "yes." Petitioner's first petition was a "mixed petition," raising both exhausted and unexhausted claims, and his exhausted claims were denied on the merits. *See Little*, No. 2:20-cv-01071-TSZ at Dkts. 59, 86.

Thus, the Court proceeds to the second question: could the habeas claims brought in the proposed petition be raised in the prior petition? The answer to that question is also "yes." The sole ground for habeas relief raised in the proposed petition is that a Washington State sentencing statute violates the Sixth Amendment to the United States Constitution. Dkt. 1-1 at 6. Petitioner argues Wash. Rev. Code § 9.94A.507, which was last amended and recodified in July 2009, is "unconstitutional on its face" in view of the United States Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Alleyne v. United States*, 570 U.S. 99 (2013). Dkts. 1-1, 1-2. Both the current version of the challenged statute and the cited constitutional authority existed when Petition filed his first petition in July 2020. Petitioner fails to explain why this claim could not be raised in his first petition, and there is no indication he is challenging a decision occurring after that date. Thus, the Court finds the sole ground for relief raised in Petitioner's proposed petition could have been raised in his first petition.

Therefore, the Court proceeds to the third and final question: did Petitioner obtain permission before filing the proposed petition? The answer is "no," there is no evidence or allegation Petitioner obtained permission from the Circuit Court before filing his proposed petition. Although Petitioner has framed his proposed petition as one filed pursuant to 28 U.S.C. § 2241, the only available mechanism for him to seek federal habeas relief while he is confined on a state conviction is 28 U.S.C. § 2254. *See Dominguez*, 906 F.3d at 1135–36. State prisoners may not circumvent the limitations imposed on successive petitions by filing under the wrong

habeas provision. *See Greenawalt v. Stewart*, 105 F.3d 1287, 1287 (9th Cir. 1997). Petitioner's framing of his proposed petition under 28 U.S.C. § 2241 did not eliminate the need for him to obtain permission from the Circuit Court before filing his successive petition.

Accordingly, Petitioner's failure to obtain leave before filing his proposed petition necessitates dismissal of the instant case for lack of jurisdiction.

**IV.    Certificate of Appealability**

Because the proposed petition is construed as one seeking post-conviction relief under 28 U.S.C. § 2254, Petitioner may only appeal a district court's dismissal of his federal habeas petition after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue…only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the proposed petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to his proposed petition.

**V.    Conclusion**

For the reasons outlined above, Petitioner is not entitled to habeas relief as the Court lacks jurisdiction over his proposed petition. Thus, in accordance with Rule 4 of the Habeas Rules, the Court declines to serve the proposed petition and, instead, recommends this action be

dismissed without prejudice, the IFP motion (Dkt. 1) and all proposed motions and requests (Dkts. 1-3, 1-4, 1-5) be denied as moot, and a certificate of appealability be denied in this case.

　　　　As explained above, if Petitioner wishes to file a second or successive petition in this Court, he must first obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

　　　　Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration September 3, 2024, as noted in the caption.

　　　　Dated this 19th day of August, 2024.

David W. Christel
United States Magistrate Judge